**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD POTTS,** | : | |
| | : | **Civil No. 3:12-CV-1355** |
| **Petitioner** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID J. EBBERT,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

In this case, Richard Potts, a federal prisoner housed at the United States Penitentiary, Canaan, has filed a *pro se* petition for writ of habeas corpus.  (Doc.1.) Potts' petition arises out of frequently litigated claims made by the petitioner as a result of his 2003 conviction for distribution of cocaine base in the United States District Court for the Eastern District of Pennsylvania.  Much of this prior litigation has entailed efforts by Potts to challenge the precise chemical composition of the drug he was alleged to have distributed, and at least one of these prior petitions raised the precise legal claim that Potts now advances before this court, a claim that the Supreme Court's decision in DePierre v. United States, –U.S.– 131 S. Ct. 2225 (2011), an opinion which adopted a broad view of what constitutes "cocaine base" in some way establishes Potts' "actual innocence on these drug trafficking charges.

The protracted nature of this litigation, which has entailed multiple efforts by Potts to set aside his conviction and sentence, is aptly summarized by the petitioner in the brief accompanying this petition which recites as follows:

> Sometime in late 1997, a grand jury returned an indictment charging Petitioner with a two count indictment. Possession of cocaine base with intent to distribute in Count One and carrying a firearm during and in relation to the drug trafficking crime in Count Two. On July 7, 1998, Petitioner pled guilty before the Honorable John R. Padova to both counts of that indictment (DK# 98-41). Petitioner was sentenced to serve 180 months imprisonment sometime in 1999 by the Honorable John R. Padova.

> On August 8, 2001, a grand jury returned the first superseding indictment against Petitioner charging him with a single count of conspiracy to distribute cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 846. On August 1, 2002, a grand jury returned a second superseding indictment adding an additional count that charged against Petitioner a murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A)(Count Seven). Petitioner was convicted on both counts by a jury on March 27, 2003, and on July 16, 2003, was sentenced to concurrent terms of life imprisonment on each count to also run concurrent with Judge Padova's sentence of 180 months in the initial indictment

> (DK# 98-41) Petitioner submitted a timely notice of appeal appealing his sentence and conviction. On appeal (Potts I) Petitioner argued five issues: (1) that the District Court was in error for failure to dismiss the jury, or at least give a curative instruction; (2) that the evidence was insufficient to prove that he engaged in the charged conspiracy; (3) that the evidence was insufficient to prove he possessed the required intent to kill Rodney Trusty; (4) that the testimony of Daniel Coach was so corrupt that it could not form the basis of a guilty verdict; and (5) that the District Court erred when it calculated his sentence.

On June 27, 2005, the Third Circuit Court of Appeals affirmed, but vacated the sentence and remanded for resentencing in light of the Supreme Court's decision in Booker. Potts v. United States, 138 Fed.Appx. 439, 2005 LEXIS 13484 (3rd Cir. 2005). On remand on October 20, 2005, Petitioner was again resentenced to two concurrent life sentences on both counts. Petitioner submitted a timely notice of appeal appealing his sentence and conviction. On appeal (Potts II) Petitioner's counsel filed an Anders Brief and asked for leave to withdraw as counsel. Petitioner filed a pro se brief offering three grounds for appeal: (1) the District Court committed error during the jury voir dire; (2) the District Court erred by finding that the controlled substance he distributed was crack, rather than powder cocaine, and (3) that the sentence imposed was unreasonable because the Court failed to give adequate consideration of all of the 18 U.S.C. § 3553(a) factors.

On August 11, 2006, Petitioner filed a motion seeking grand juror's information, which was denied on July 19, 2007, without prejudice. And, on February 20, 2007, Petitioner filed a Fed.R. Crim.P. 12(b)(3)(B). On June 29, 2007, this motion to void judgment under 12(b)(3)(B) was denied as frivolous. Petitioner appealed the Court's June 29, 2007 Order and was summarily affirmed in Potts v. United States, 251 Fed.Appx. 109 (3rd Cir. 2007)(Potts III). On September 26, 2007, the Third Circuit Court of Appeals affirmed Petitioner's conviction and the sentence imposed by the District Court and granted his counsel's motion to withdraw (Potts III)  supra. On November 4, 2007, Petitioner filed a rehearing en banc and on January 7, 2008, the Third Circuit denied the petition for en banc rehearing. Petitioner motioned to stay of mandate and leave to file supplemental brief on January 13, 2008, which was denied September 11, 2008.

On March 25, 2008, Petitioner filed two pro se motions, one to arrest judgment and to set aside the verdict for failure to invoke the Court's jurisdiction of the charged offense, and for modification of sentencing, pursuant to Fed.R.Crim.P. 34(a)(2) and 18 U.S.C. § 3582(c)(2). The District Court denied the motion for lack of jurisdiction on September 19, 2008, and on October 3, 2008, Petitioner motioned the Court for

reconsideration pursuant to Fed.R.Civ.P. 9(e). On October 6, 2008, the District Court denied reconsideration after which Petitioner appealed.

On October 22, 2008, the Third Circuit advised Petitioner that his appeal was subject to summary judgment, and on February 27, 2009, the Circuit held, "we will summarily affirm the orders of the District Court." The second of Petitioner's motions filed on March 25, 2008, was to move the District Court to set aside the enhanced penalty of § 841(b)(1)(A) was denied on September 19, 2008, as legally frivolous (DK# 591).

On September 26, 2008, Petitioner filed a timely appeal and filed a brief into the Third Circuit on November 21, 2008. On March 5, 2009, the Third Circuit summarily affirmed the District Court's order.

On April 3, and June 1 of 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 to the Honorable Judge Jane Dubois containing nine issues:(1) counsel was ineffective for not objecting to defective jury instructions; (2) ineffective for not calling Maurice Lewis as a witness; (3) ineffective for not challenging sentence for crack form of cocaine base; (4) ineffective for not challenging a two point firearm enhancement under § 2Dl.l(b)(1); (5) ineffective for failure to challenge sufficiency of evidence as 21 U.S.C. § 848(e)(1)(A); (6) strikes against two prospective jurors were motivated in substantial part by discriminatory intent; (7) ineffective for not objecting to a four-level leadership enhancement; (8) the petit jury was empaneled after a constitutional deficient voir dire; and (9) newly discovered evidence reveals that key ballistics testimony was unreliable. On January 27, 2010, this Court denied Petitioner's 28 U.S.C. § 2255 Motion. Petitioner then filed a Motion to Alter or Amend Judgment on February 5, 2010, which was denied on February 17, 2010. Petitioner filed an Application for a Certificate of Appealability on March 24, 2010, which was denied on June 22, 2010.

Petitioner then petitioned for a rehearing on August 2, 2010, and was denied on August 17, 2010.On November 8, 2010, for his first time, Petitioner submitted a Petition for Writ of Certiorari to the United States Supreme Court arguing whether Petitioner had made a substantial showing of the denial of a Constitutional right occurred in four separate

instances, which was denied in December 2010.

Immediately afterwards on January 31, 2011, Petitioner filed a Fed.R.Civ.P. 60(b) Motion which was denied on February 22, 2011, and an appeal in the Third Circuit Court of Appeals was filed on May 31, 2011, which was denied on June 30, 2011, (DK# 11-1820). Both Fed.R.Civ.P. 60(b) and the appeal argue (I) whether the Court's failure to adjudicate [Petitioner's] constructive amendment claim of ground three and, his nexus requirement claim of ground eight on their actual merits is a fundamental defect that results in its prior judgment being no longer equitable and (II) whether [Petitioner] is entitled to one full opportunity for a meaningful collateral review and an adjudication of all claims presented in his § 2255 Motion. The Third Circuit denied because essentially the reasons explained by the District Court is that jurist of reason could not debate that Petitioner's motion was barred as an impermissible second or successive motion. Immediately following was a rehearing en banc which was denied on August 1, 2011. On November 21, 2011, a Petition for Writ of Certiorari was docketed as No. 11-7489 and denied certiorari on January 9, 2012.

On December 7, 2011, Petitioner filed a petition under 28 U.S.C. § 2244 seeking permission to file a second or successive § 2255 in light of Frantz Depierre v. United States, 131 S.Ct. 2225 which was denied on December 13, 2011.

(Doc. 2, pp.1-6.)

In his habeas corpus petition, Potts now renews the argument found wanting by the United States District Court for the Eastern District of Pennsylvania in December 2011. He contends that the Supreme Court's decision in DePierre v. United States, –U.S.– 131 S.Ct. 2225 (2011), an opinion which actually embraced a

broad statutory definition of what constitutes "cocaine base" somehow declared Potts

actually innocent of distributing cocaine base.[1]

Having conducted an initial threshold screening review of this petitions, we

find that it is fundamentally flawed in a number of respects. Therefore, we

recommend that these petition either be transferred to the United States District Court

for the Eastern District of Pennsylvania, or dismissed, at the court's discretion.

## II.   Discussion

### A.   To The Extent That Potts Challenges His Conviction and Sentence in Another District This Petition Should Either Be Dismissed or Transferred and Treated As a Motion to Vacate Sentence Under 28 U.S.C. §2255

At the outset, its seems that Potts seeks to challenge his 2003 conviction in the

United States District Court for the Eastern District of Pennsylvania on cocaine base

distribution, firearms and murder charges. To the extent that Potts wishes to

collaterally challenge his federal conviction in another district, we find that the

petitioner has not made out a valid case for pursuing habeas relief in lieu of a motion

to vacate sentence filed with the sentencing judge in that district under 28 U.S.C. §

2255. This showing is a prerequisite for a successful habeas petition in this particular

factual context. Therefore, since the petitioner has not made a showing justifying

---

[1]Notably, Potts does not explain how this ruling might also affect his guilt on the murder charge for which he stands convicted.

habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, which rule also applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to vacate or correct a federal prisoner's sentence, would be appropriate here since it is well-settled that:  "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).   Indeed, it is clearly established that Section 2255

specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. <u>See</u> <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion which is filed in the court of conviction "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal conviction. <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir. 1972). Thus, it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" <u>Gomez v. Miner</u>, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting <u>Myers v. Booker</u>, 232 F.3d 902 (10th Cir. 2000))  Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974).  Thus, federal inmates who wish to challenge the lawfulness of their convictions or sentences must typically file motions under § 2255 in the court of conviction.

This general rule admits of only one, narrowly-tailored, exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241, in lieu of a motion under §2255, only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard).   This exception is narrowly tailored.   The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).  Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.  Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition may be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in <u>Dorsainvil</u>, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. While Potts tries to cast his claim as one of actual innocence, Potts' petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Quite the contrary, Potts' claims fail for at least three reasons.

First, Potts' actual innocence claim is itself something of a misnomer. Potts is not alleging that he was actually innocent of drug trafficking. Instead, he seems to be claiming that the government's proof of the precise nature of the drug he distributed– cocaine base–was inadequate, and, therefore, he should not have been subjected to the enhanced penalties that applied to distribution of cocaine base. (Docs. 1 and 2.) Construed in this way, Potts' claim fails since it is well-settled that a convicted drug trafficker cannot belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he

is "actually innocent" of some specific sentencing enhancement applicable to that drug dealing. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement in a drug trafficking case. See, e.g., Montes v. Holt, 179 F. App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the court that 28 U.S.C. § 2255 is either ineffective or inadequate to enable Potts to test the legality of this aspect of his sentence.

Second, Potts' claim fails because the Supreme Court case he cites simply does not support any claim of actual innocence on his part. Potts contends that the Supreme Court's decision in DePierre v. United States, –U.S.– 131 S.Ct. 2225 (2011), somehow excluded crack cocaine from the reach of the statute and thus declared Potts actually innocent of distributing cocaine base. DePierre, however, actually stands for a contrary proposition, and holds that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." DePierre v. United States, –U.S.–, 131 S. Ct. 2225, 2237(2011). Thus, Potts' petition stems from a fundamental misreading of the DePierre decision, a misreading which has led

other courts to expressly reject habeas petitions like the one advanced here, which attempt to frame an "actual innocence" claim around the broad statutory construction of the term "cocaine base" endorsed by the Supreme Court in <u>DePierre</u>. <u>See, e.g.</u>,<u>Williams v. United States</u>, CV512-043, 2012 WL 2569080 (S.D. Ga. July 2, 2012)( "In <u>DePierre</u>, the Supreme Court determined that the term 'cocaine base' used in 21 U.S.C. § 841(b)(1), 'in its most natural reading of the term' means 'cocaine in its base form' and includes 'crack cocaine, freebase, and coca paste.' —— U.S. —— at, 131 S.Ct. at 2231."); <u>Wilson v. United States</u>, 11-CV-1532, 2011 WL 6308907 (W.D. La. Nov. 29, 2011) <u>report and recommendation adopted</u>, 11-CV-1532, 2011 WL 6308440 (W.D. La. Dec. 16, 2011)(held, " the <u>DePierre</u> case actually held that the term 'cocaine base' as used in 21 U.S.C. § 841 includes *more* than just 'crack cocaine'. It includes *all forms* of 'base' cocaine, including crack, free base, or any other 'base' form of cocaine.")

Third, Potts' "actual innocence" claim fails because it rests upon a legally infirm premise. The keystone to this argument is Potts' insistence that the Supreme Court's 2011 decision in <u>DePierre</u> should be applied retroactively to cases such as the petitioner's, which was tried to a conviction in 2003. The difficulty with this retroactivity claim is that it flies in the face of case law which uniformly agrees that: "Even if the holding in <u>DePierre</u> might lend support to [a habeas petitioner's] assertions, it is not retroactively applicable to cases on collateral review . . . . <u>United</u>

States v. Crump, No. 706–cr–7–1, 2012 WL 604140, at *2 (W.D.Va. Feb.24, 2012);

Williams v. United States, No. 9:11cv118, 2012 WL 214893, at *2 n. 1 (E.D.Tex.

Jan.23, 2012); Ford v. Keller. No. 411–CV–718–Y, 2012 WL 112900, at *1

(N.D.Tex. Jan.5, 2012); and Wilson v. United States, No. 11–CV–1532, 2011 WL

6308907, at *3 (W.D.La. Nov.29, 2011); see also, In re Dean, 375 F.3d 1287, 1290

(11th Cir.2004)." Biggins v. Haynes, CV212-024, 2012 WL 2254588 (S.D. Ga. May

8, 2012) report and recommendation adopted, CV212-024, 2012 WL 2254385 (S.D.

Ga. June 15, 2012).  In fact, at least one federal court in Pennsylvania has already

expressly adopted this view, stating that: "The Court notes, as should Defendant, that

'DePierre has not been recognized or declared a retroactively applicable Supreme

Court decision.' Williams v. United States, 2012 WL 214893, at *2 (E.D.Tex.2010)

(quoting Wilson v. United States, 2011 WL 6308907 (W.D.La. November 29, 2011);

see also United States v. Drew, 2012 WL 2069657 (N.D.W.Va. June 8, 2012); United

States v. Crump, 2012 WL 60410, *2 (W.D.Va. February 24, 2012) (noting that

DePierre has not to date been made retroactive to cases on collateral review)." United

States v. Solomon, 2:05-CR-0350, 2012 WL 2244830 (W.D. Pa. June 15, 2012).

    Thus, Potts' current habeas petition advances legally infirm claims that have

previously been fully adjudicated and  seem explicitly premised on a notion of judge-

shopping, a desire to re-litigate similar claims before different jurists.  Such a claim

is plainly inadequate as an excuse for foregoing the proper course of litigating

collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this court.  See Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Recognizing that this matter is not appropriately brought before this court as a habeas petition, we acknowledge that the petition could be dismissed in its entirety. In addition, we note that the petition could also be treated as a §2255 motion, and transferred to the sentencing judge for further consideration, so the district court which presided over Potts' initial conviction and sentence  may also consider this petition.  Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, in the past when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a conviction and sentence imposed by another federal district judge, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration.  Stover v. Sniezek, No. 1:10-CV-1213,  2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g.,  See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561,  *2 (M.D.Pa. Jun.28, 2010) (Jones, J.);

<u>Gardner v. Williamson</u>, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa.

April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter are fully satisfied

since such a transfer would promote the interests of justice.  As we have previously

noted when transferring other petitions to the sentencing court:

> Because the District Court . . . sentenced the petitioner, the events
> material to the case took place in that district. In addition, the court in
> that district has access to the evidence that led the court to make its
> sentencing . . .determination and can best access any witnesses
> necessary to investigate the case. The interests of judicial efficiency and
> economy would best be served by transferring the case to the
> [sentencing court].

<u>Gardner v. Williamson, supra</u>,  2008 WL 1752229, at *4.


Finally, we note that an order transferring this case to the sentencing judge as

a §2255 motion also protects the petitioner's rights as a *pro se* litigant. Such a transfer

order avoids any unintended prejudice to the petitioner which might flow from a

dismissal of this action.  <u>See</u> <u>Burnett v. New York Cent. R. Co.</u>, 380 U.S. 424, 430

(1965).  Moreover, addressing the petition in this fashion would not constitute a

ruling on the merits of the petitioner's claims, thus assuring that the petitioner can

have his case heard on its merits in the most appropriate forum.  <u>See</u> 18 Wright,

Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a

dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, in this case, Potts invites this court under the guise of a habeas petition to consider a question that is properly brought before another judge through a motion to vacate sentence under 28 U.S.C. §2255.  We should decline this invitation, given that Potts has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  Consequently, this court should either dismiss this petition or transfer this petition to the sentencing judge so that court may address this matter as a motion under 28 U.S.C. §2255.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the this petition, (Doc. 1.), either be DISMISSED, or transferred to the United States District Court for the Eastern District of Pennsylvania as a second and successive motion to vacate sentence pursuant to 28 U.S.C. §2255.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of July 2012.


_**S/Martin C.  Carlson**_
Martin C. Carlson
United States Magistrate Judge