**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD POTTS,

    Petitioner,

        v.

DAVID J. EBBERT,

    Respondent.

CIVIL ACTION NO. 3:CV-12-1355

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation (Doc. 5) to Petitioner Richard Potts' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). (Doc. 1.) Magistrate Judge Carlson recommends that the Petition be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania for lack of jurisdiction. Petitioner filed timely objections to the Magistrate Judge's recommendations. Because Petitioner has not demonstrated that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate, the Petition will be dismissed for lack of jurisdiction.

## I. Background

### A. Factual History

Petitioner Richard Potts, an inmate confined at Canaan United States Penitentiary ("USP-Canaan"), filed the instant action pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims that he is "entitled to relief from the enhanced penalty of 21 U.S.C. § 841(b)(1)(A)(iii)" and he is "actually innocent of violating 21 U.S.C. § 848(e)(1)" in light of the Supreme Court's decision in *DePierre v. United States*, - - - U.S. - - - , 131 S. Ct. 2225, 180 L. Ed. 2d 114 (2011). (*Id*. at ¶ 13.)

This litigation has been summarized by Petitioner as follows:

Sometime in late 1997, a grand jury returned an indictment charging Petitioner with a two-count indictment. Possession of cocaine base with intent to distribute in Count One and carrying a firearm during and in relation to the

drug trafficking in Count Two.  On July 7, 1998, Petitioner pled guilty before the Honorable John R. Padova to both counts of that indictment (DK#98-41). Petitioner was sentenced to serve 180 months imprisonment in 1999 by the Honorable John R. Padova.

On August 8, 2001, a grand jury returned the first superseding indictment against Petitioner charging him with a single count of conspiracy to distribute cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 846.  On August 1, 2002, a grand jury returned a second superseding indictment adding an additional count that charged against Petitioner a murder in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A) (Count Seven).  Petitioner was convicted on both counts by a jury on March 27, 2003, and on July 16, 2003, Petitioner was sentenced to concurrent terms of life imprisonment on each count to also run concurrent with Judge Padova's sentence of 180 months in the initial indictment.

Petitioner submitted a timely notice of appeal appealing his sentence and conviction.  On appeal (*Potts I*) Petitioner argued five issues: (1) that the District Court was in error for failure to dismiss the jury, or at least give a curative instruction; (2) that the evidence was insufficient to prove that he engaged in the charged conspiracy; (3) that the evidence was insufficient to prove he possessed the required intent to kill Rodney Trusty; (4) that the testimony of Daniel Coach was so corrupt that it could not form the basis of a guilty verdict; and (5) that the District Court erred when it calculated his sentence.

On June 27, 2005, the Third Circuit Court of Appeals affirmed the conviction, but vacated the sentence and remanded for resentencing in light of the Supreme Court's decision in *Booker*.  *Potts v. United States*, 138 F. App'x 439 (3d Cir. 2005).  On remand, on October 20, 2005, Petitioner was resentenced to two concurrent life sentences on both counts.  Petitioner submitted a timely notice of appeal appealing his sentence and conviction.  On appeal (*Potts II*), Petitioner's counsel filed an *Anders* Brief and asked for leave to withdraw as counsel.  Petitioner filed a *pro se* brief offering three grounds for appeal: (1) the District Court committed error during the jury voir dire; (2) the District Court erred by finding that the substance he distributed was crack, rather than powder cocaine; and (3) that the sentence imposed was unreasonable because the Court failed to give adequate consideration of all of the 18 U.S.C. § 3553(a) factors.

On August 11, 2006, Petitioner filed a motion seeking grand juror's information, which was denied on July 19, 2007 without prejudice.  And, on February 20, 2007, Petitioner filed a Fed. R. Crim. P. 12(b)(3)(B) motion.  On June 29, 2007, this motion to void judgment under 12(b)(3)(B) was denied as frivolous.  Petitioner appealed the Court's June 29, 2007 Order which was summarily affirmed in *Potts v. United States*, 251 F. App'x 109 (3d Cir. 2007). On September 26, 2007, the Third Circuit Court of Appeals affrmed Petitioner's conviction and the sentence imposed by the District Court and granted his counsel's motion to withdraw.  On November 4, 2007, Petitioner filed a motion for rehearing en banc and on January 7, 2008, the Third Circuit denied the petition for en banc rehearing.  Petitioner motioned to stay of mandate and leave to file supplemental brief on January 13, 2008, which was denied September 11, 2008.

On March 25, 2008, Petitioner filed two *pro se* motions, one to arrest

judgment and to set aside the verdict for failure to invoke the Court's jurisdiction of the charged offense, and for modification of sentencing, pursuant to Fed. R. Crim. P. 34(a)(2) and 18 U.S.C. § 3582(c)(2). The District Court denied the motion for lack of jurisdiction on September 19, 2008, and on October 3, 2008, Petitioner motioned the Court for reconsideration pursuant to Fed. R. Civ. P. 59(e). On October 6, 2008, the District Court denied reconsideration after which Petitioner appealed.

On October 22, 2008, the Third Circuit advised Petitioner that his appeal was subject to summary judgment, and on February 27, 2009, the Third Circuit held, "we will summarily affirm the orders of the District Court." The second of Petitioner's motions filed on March 25, 2008 to move the District Court to set aside the enhanced penalty of § 841(b)(1)(A) was denied on September 19, 2008 as legally frivolous.

On September 26, 2008, Petitioner filed a timely appeal and filed a brief to the Third Circuit on November 21, 2008. On March 5, 2009, the Third Circuit summarily affirmed the District Court's order.

On April 3, 2009 and June 1, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 to the Honorable Judge Jan Dubois containing nine issues: (1) counsel was ineffective for not objecting to defective jury instructions; (2) ineffective for not calling Maurice Lewis as a witness; (3) ineffective for not challenging sentence for crack form of cocaine base; (4) ineffective for not challenging a two point firearm enhancement under § 2D1.1(b)(1); (5) ineffective for failure to challenge sufficiency of evidence as to 21 U.S.C. § 848(e)(1)(A); (6) strikes against two prospective jurors were motivated in substantial part by discriminatory intent; (7) ineffective for not objecting to a four-level leadership enhancement; (8) the petit jury was empaneled after a constitutionally deficient voir dire; and (9) newly discovered evidence reveals that key ballistics testimony was unreliable.

On January 27, 2010, the Court denied Petitioner's 28 U.S.C. § 2255 Motion. Petitioner then filed a Motion to Alter or Amend Judgment on February 5, 2010, which was denied on February 17, 2010. Petitioner filed an Application for Certificate of Appealability on March 24, 2010, which was denied on June 22, 2010.

Petitioner then petitioned for a rehearing on August 2, 2010, which was denied on August 17, 2010. On November 8, 2010, for the first time, Petitioner submitted a Petition for Writ of Certiorari to the United States Supreme Court arguing whether Petitioner had made a substantial showing of the denial of a Constitutional right, which was denied in December 2010.

Immediately afterwards, on January 31, 2011, Petitioner filed a Fed. R. Civ. P. 60(b) Motion which was denied on February 22, 2011, and an appeal to the Third Circuit Court of Appeals was filed on May 31, 2011, which was denied on June 30, 2011. Both Fed. R. Civ. P. 60(b) and the appeal argue (I) whether the Court's failure to adjudicate [Petitioner's] constructive amendment claim of ground three and his requirement claim of ground eight on their actual merits is a fundamental defect that results in its prior judgement being no longer equitable and (II) whether [Petitioner] is entitled to one full opportunity for a meaningful collateral review and an adjudication of all claims presented in his § 2255 Motion. The Third Circuit denied the appeal for the reasons explained by the District Court that jurists of reason could not debate that

Petitioner's motion was barred as an impermissible second or successive motion. Immediately following was a rehearing en banc which was denied on August 1, 2011. On November 21, 2011, a Petition for Writ of Certiorari was docketed as No. 11-7489 and denied on January 9, 2012.

On December 7, 2011, Petitioner filed a petition under 28 U.S.C. § 2244 seeking permission to file a second or successive § 2255 petition in light of *Frantz DePierre v. United States*, 131 S. Ct. 2225, which was denied on December 13, 2011.

(Doc. 2, 1-6.)

## B.    The Report and Recommendation

After Petitioner filed the instant § 2241 Petition on July 13, 2012, Magistrate Judge Carlson issued a Report and Recommendation (the "R & R") recommending that the Petition either be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. 5, 16.) According to Magistrate Judge Carlson:

[T]he representations that the petitioner makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255. In *Dorsainvil*, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1999). While Potts tries to cast his claim as one of actual innocence, Potts' petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Quite the contrary, Pott's claims fail for at least three reasons.

(*Id*. at 10.)

First, Magistrate Judge Carlson reasons that the "actual innocence" claim fails because courts routinely refuse to allow prisoners to use § 2241 to forego the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement in drug trafficking cases. (*Id*. at 11.) Second, the Magistrate Judge finds the Petitioner to fundamentally misread *DePierre*, as the case "simply does not support any claim of 'actual innocence' on his part." (*Id*.) Lastly, Magistrate Judge Carlson concludes that Petitioner's claim fails even if *DePierre* supports Petitioner's "actual

4

innocence claim" because it has not been recognized or declared as a retroactively applicable Supreme Court decision. (*Id*. at 12-13.)

For these reasons, Magistrate Judge Carlson recommends that the Petition be dismissed or transferred to the sentencing judge pursuant to 28 U.S.C. § 1404(a).

**C.     Petitioner's Objections to the Report and Recommendation**

Petitioner objects to the Magistrate Judge's recommendation to dismiss or transfer the Petition.  Petitioner argues that the Magistrate Judge incorrectly interprets *DePierre*, which establishes that he is "actually innocent" of violating 21 U.S.C. § 841(b)(1)(A)(iii) because "*DePierre* decriminalizes both types of substances from liability under [this section]." (Doc. 6.)   Additionally, Petitioner claims that the Magistrate Judge erred in concluding that *DePierre* is not retroactively applicable to his conviction and sentence. (*Id*.)

## II. Legal Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985);

Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

"The usual avenue for federal prisoners seeking to challenge the legality of their confinement," is by way of a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) ("Section 2255 provides those convicted in federal courts with a means by which to bring collateral attacks challenging the validity of their judgment and sentence.").

Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, "§ 2255 is the presumptive means for a federal prisoner to challenge his sentence or conviction." *Diaz-Pabon v. Warden, USP Lewisburg, Pa.*, 160 F. App'x 251, 253 (3d Cir. 2005) (per curiam) (citing *Davis v. United States*, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

In connection with § 2255(a), § 2255(e) requires:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, *to the court which sentenced him*, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

As an alternative to § 2255, § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

6

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). However, "courts are empowered to grant the writ by 28 U.S.C. § 2241," as opposed to § 2255, only in the rare cases where the petitioner demonstrates that the remedy available under § 2255 is shown to be "inadequate or ineffective." *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (quoting 28 U.S.C. § 2255(e)).

"A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). Hence, "§ 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Nor is § 2255 "inadequate or ineffective simply because [the petitioner] is prevented by the gatekeeping requirements from litigating his present claims." *Brown v. Martinez*, 441 F. App'x 852, 853 (3d Cir. 2011) (per curiam) (citing *Cradle*, 290 F.3d at 538-39).[1] The

---

[1]      The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

burden of proving that a § 2255 petition would be inadequate or ineffective lies on the petitioner. *See Rhines v. Ebbert*, No. 12-1332, 2012 WL 2952246, at *2 (M.D. Pa. July 19, 2012) (citing *Reyes-Reguena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001)). "If a petitioner who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition." *Santos v. United States*, No. 09-1068, 2010 WL 181744 , at *2 (M.D. Pa. Jan. 13, 2010) (citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam)).

In this case, the § 2241 Petition will be dismissed for lack of jurisdiction because Petitioner has failed to demonstrate that habeas relief under § 2255 would be ineffective or inadequate.

As noted by Magistrate Judge Carlson, contrary to Petitioner's claim that he was found guilty of possessing a substance that has been decriminalized from liability under § 841(b)(1)(A)(iii), (Doc. 6, 2), *DePierre* did not decriminalize any of the conduct for which Petitioner was convicted. In *DePierre*, the petitioner was indicted on a charge of distributing fifty (50) grams or more of cocaine base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). *See DePierre*, 131 S. Ct. at 2230. At trial, defense counsel requested that the trial court instruct the jury that to find the petitioner guilty of distribution of cocaine base, it must find that his offense involved "the form of cocaine base known as crack cocaine." *Id*. The trial court rejected the request, and instead instructed the jury that "crack cocaine is a form of cocaine base, so you'll tell us whether or not what was involved is cocaine base. . . ." *Id*. Thus, the issue presented to the Supreme Court on appeal was "whether the term 'cocaine base' as used in [21 U.S.C. § 841] refers generally to cocaine in its chemically basic form or exclusively to what is colloquially known as 'crack cocaine.'" *Id.* at 2227-28.

_____

(2) a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously unavailable.

The Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding that the Sentencing Commission defined "cocaine base" to mean "crack" for the purposes of the Federal Sentencing Guidelines. *Id*. at 2231–32. Thus, *DePierre* establishes that "cocaine base," as used in 21 U.S.C. § 841(b)(1), means not only crack cocaine, but all cocaine in its chemically basic form. *See id*.

Based on this reasoning, *DePierre* did not decriminalize any conduct for which Petitioner was convicted.[2] Instead, *DePierre* broadly defines cocaine base to include not just "'crack cocaine,' but cocaine in its chemically basic form." *Id*. at 2237. While "relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal," *Sorrell v. Bledsoe*, 437 F. App'x 94, 96 (3d Cir. 2011), Petitioner has simply not shown that any of his conduct was decriminalized by *DePierre*. *See, e.g., Wilson v. United States*, 475 F. App'x 530, 531 (5th Cir. 2012); *Rashaad v. United States*, No. 01-CR-195, 2012 WL 2131341, at *1 (W.D.N.C. June 12, 2012); *Arnold v. ASK-Carlson*, No. 12-0045, 2012 WL 1309190, at *2 (W.D. La. Mar. 12, 2012).[3] As a result, Petitioner is not entitled to seek relief under § 2241 and the Petition will

---

2     Petitioner was convicted of conspiracy to distribute fifty (50) grams of cocaine base, or "crack." *United States v. Potts*, 317 F. App'x 108, 108-09 (3d Cir. 2009) (per curiam). According to the Third Circuit, "Potts was charged in the indictment with possession of 'crack,' the jury returned a guilty verdict on this count, and there is no question that there was sufficient evidence presented at trial to allow the jury to conclude that the substance Potts conspired to distribute was crack cocaine." *United States v. Potts*, No. 06-1821, 2007 WL 2783349, at *1 (3d Cir. 2007).

3     Furthermore, as noted by Magistrate Judge Carlson, Petitioner's claim is legally deficient because it rests on the infirm proposition that *DePierre* applies retroactively to cases on collateral review. Courts, however, have repeatedly recognized that *DePierre* has not been declared a retroactively applicable

9

be dismissed.

Dismissal of the instant Petition is also consistent with Judge Nealon's recent dismissal of a § 2241 petition in *Rhines v. Ebbert*, 2012 WL 2952246 (M.D. Pa. July 19, 2012). In *Rhines*, a case presenting issues nearly identical to the present matter, the petitioner filed a § 2241 habeas petition arguing that he was "entitled to relief from the enhanced penalty of § 841(b)(1)(A)(iii) in light of the Supreme Court's recent decision in *DePierre*." *Id*. at *1. In 2002, the petitioner was found guilty of one count of possession with intent to distribute fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). *See id*. On appeal, the Third Circuit affirmed the petitioner's conviction and sentence. *See id*. Thereafter, the Supreme Court denied the petitioner's petition for writ of certiorari. *See id*.

Next, the petitioner filed a motion in the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See id*. The § 2255 petition was denied by the district court, and the Third Circuit denied the petitioner's request for a certificate of appealability. *See id*. On June 4, 2012, the petitioner filed a motion in the Third Circuit under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second or successive motion to challenge his conviction and sentence based on "a new rule of substantial (sic) criminal law established by the Supreme Court in *Frantz DePierre*." (Petitioner's § 2241 Petition, *Rhines v. Ebbert*, No. 3:CV-12-1332 (M.D. Pa. July 10, 2012), ECF No. 1.) The Third Circuit denied the request to file a second or successive § 2255 petition on June 21, 2012. (*Id*.) The petitioner then sought habeas relief pursuant to § 2241. *See Rhines*, 2012 WL

Supreme Court decision. *See, e.g., Ford v. Keffer*, No. 12-10069, 2012 WL 3530464, at *1 (5th Cir. Aug. 16, 2012) (per curiam) (petitioner's § 2241 petition is not cognizable because "*DePierre* did not decriminalize her criminal conduct and has not been held to be retroactively applicable"); *Fields v. Warden, FCC Coleman- USP 1*, No. 11-14997, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012) (per curiam) (petitioner failed to show that *DePierre* was retroactive"); *United States v. Solomon*, No. 12-804, 2012 WL 2244830, at *2 n.1 (W.D. Pa. June 13, 2012).

2952246, at *1.

In dismissing the petitioner's § 2241 petition, Judge Nealon reasoned:

> Rhines has already filed a motion pursuant to section 2255 in the United States District Court for the Middle District of Pennsylvania. Additionally, he has filed a request in the Third Circuit Court of Appeals seeking permission to file a second or successive section 2255 motion; however, his request has been rejected. Based on this reason alone, this Court should dismiss his petition. *See* 28 U.S .C. § 2244(a).[4] The Third Circuit Court of Appeals' refusal to entertain his request to file additional section 2255 motions does not make section 2255 inadequate or ineffective. To the contrary, it demonstrates that section 2255 has been available to him, regardless of his satisfaction with the outcome. Therefore, he has not presented any reason for allowing him to use section 2241.

> As noted, there must have been a limitation on scope or procedure in the section 2255 proceedings. Rejection of a petitioner's claims because they have already been litigated or are time-barred is not that type of qualifying limitation; rather, it is a recognition that the court will not adjudicate claims that have already been addressed or are jurisdictionally unreachable. Additionally, Petitioner's lack of success in his 2255 proceedings does not establish that the remedy afforded by section 2255 was inadequate or ineffective for him, nor is any limitation he might now have in filing additional successive 2255 motions. Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

*Id*. at *2-*3.

As in *Rhines*, the instant § 2241 Petition will be dismissed for lack of jurisdiction. Here, the Third Circuit's refusal to entertain Petitioner's request to file additional § 2255 motions does not make § 2255 inadequate or ineffective. Indeed, as noted by Judge Nealon, it demonstrates that § 2255 has been available to Petitioner, regardless of his

---

[4]     Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as proved in Section 2255.

> Prior to filing a second or successive application under § 2244, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

dissatisfaction with the outcome.  Furthermore, Petitioner's lack of success in his previous § 2255 proceedings does not necessarily indicate any limitation he might now have in filing additional § 2255 motions.  Consequently, the § 2241 Petition will be dismissed for lack of jurisdiction.

## IV. Conclusion

Because Petitioner has not demonstrated that § 2255 is an inadequate or ineffective vehicle by which to address his conviction and sentence, the Court lacks jurisdiction over the instant § 2241 Petition.  Magistrate Judge Carlson's recommendation to dismiss the Petition will be adopted and the Petition will be dismissed.[5]

An appropriate order follows.

September 28, 2012                     /s/ A. Richard Caputo
Date                                      A. Richard Caputo
                                              United States District Judge

---

[5]    "Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement." *Santos v. United States*, No. 9-1068, 2010 WL 181744, at \*3 n.6 (M.D. Pa. Jan. 13, 2010) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir.2000); 28 U.S.C. § 2253(c)(1)(B)).  As such, this Court makes no certificate of appealability determination in this matter.